## DAVIS *v.* WENTWORTH.

It is not a sufficient objection to an award, that the party objecting is thereby charged with the price of liquors sold in violation of law.

AWARD by referees, upon a rule entered into by the parties, returnable to this court. The defendant objects to the acceptance of the report:

1. Because the referees took into consideration and

allowed to Davis the amount of a certain promissory note which was given for the price of spirituous liquors.

2. Because the referees took into consideration other claims, and allowed the same to Davis, which were wholly for the price of spirituous liquors.

*Hale, Wiggins & Christie,* for the plaintiff.

*Marston,* for the defendant.

Gilchrist, J. If the suit were upon the note, or upon the other claims in a court of law, the defendant might object, that the sale of the articles which formed the consideration of the note, and the ground of the other claims, was prohibited by statute, and could not furnish the foundation of a judgment. The rule would then apply, that a party cannot be heard in a court of justice who bases his right to recover upon the violation of the law; and this is irrespective altogether of the question, whether the violated law be founded upon morals, or be merely a municipal regulation; for the laws of either class are, by the later decisions, regarded alike in this particular.

But the parties have elected their own tribunal. They have chosen to submit the controversy to a tribunal which was at liberty to disregard the law, and make its own view of the equity between the parties the guide in its decision. *Greenough* v. *Rolfe,* 4 N. H. Rep. 357.

They might have thought that between these parties the plaintiff had the stronger equity. There is nothing in such a view to raise the presumption of partiality or corruption. They might well enough have thought that as the defendant had received what he supposed to be of value, and that which had a value, like any other article of commerce, and that, as the plaintiff had parted with it upon the defendant's promise to pay for it, he should be

charged with it in the account. They might have deemed it as fair that the defendant should be charged with those items, as that the plaintiff should be charged with others. That the legislature had prohibited the sale, except under some circumstances, does not show that there might not be an equity in favor of the plaintiff, which the arbitrators, whom the parties have empowered to judge according to their own views of the right, might well have regarded.

It is not for us, however, to find grounds to sustain their decision, since, in the absence of corruption or mistake, of which neither is surmised, the parties are bound by it.

*Judgment on the report.*